IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN T. COLLUM, | ) | CASE NO. 8:10CV452 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| PAYPAL, INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 10.) As set forth below, the Motion is granted in part.

## I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against his previous employer,[1] Paypal, Inc. ("Paypal") and numerous other individual Paypal employees. (Filing No. 1.) Condensed and summarized, Plaintiff alleges that he was the subject of harassment and discrimination during his employment at Paypal. (*Id.* at CM/ECF p. 2.) In particular, Plaintiff alleges that Paypal supervisors repeatedly came by his desk, ignored his complaints about other employees, talked loudly when disciplining him so that other employees could hear, and "belittled" him. (*Id.* at CM/ECF pp. 2-4.) Plaintiff seeks a "settlement . . . in the amount of 1.5 million dollars." (*Id.* at CM/ECF p. 4.)

Defendants filed a Motion to Dismiss, arguing, among other things, that Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Filing Nos. 10 and 11.) Plaintiff filed two "Motions to Continue," which the court liberally construes as responses

---

[1] While not evident from the Complaint in this case, Plaintiff alleged in a related case pending before the court that Paypal terminated him on December 28, 2010. (*See* Case No. 8:11CV12, Filing No. 1 at CM/ECF p. 2.)

to the Motion to Dismiss. (Filing Nos. 12 and 14.) This matter is therefore deemed fully submitted.

## II. MOTION TO DISMISS STANDARD

Where a pro se plaintiff does not set forth enough factual allegations to "nudge [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quotation omitted); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). As set forth in *Ashcroft*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1949-50. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted). In addition, a court may not consider facts outside of the pleadings.

### III. DEFENDANTS' MOTION TO DISMISS

Defendants argue, among other things, that Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Filing No. 11.) The court agrees. The allegations in the Complaint are sparse and unclear. As best as the court can tell, Plaintiff seeks relief based on general, conclusory allegations of "harassment" and "discrimination." (Filing No. 1.) Plaintiff mentions his "FMLA" leave in passing, and the court therefore liberally construes the Complaint to allege a claim under the Family and Medical Leave Act ("FMLA").

The FMLA prohibits employers from discriminating against employees for using FMLA leave. *See Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1051 (8th Cir.2006). Under the FMLA, an eligible employee may take up to twelve weeks of unpaid leave during a twelve-month period in order to "care for a [family member that] has a serious health condition" or for "a serious health condition that makes the employee unable to perform the functions of [their] position . . . ." 29 U.S.C. § 2612(1)(C); 29 U.S.C. § 2612(1)(D). An employee triggers her employer's duties under the act when she provides enough information to put that employer on notice that she may be in need of FMLA leave. *Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1049 (8th Cir.1999), *cert. denied*, 528 U.S. 1050 (1999). In order to set forth a prima facie case of retaliation under the FMLA, a plaintiff must "show that []he exercised rights afforded by the Act, that []he

3

suffered an adverse employment action, and that there was a causal connection between [his] exercise of rights and the adverse employment action." *Phillips v. Mathews*, 547 F.3d 905, 912 (8th Cir. 2008) (quotation omitted).

Here, Plaintiff has not alleged any element of his prima facie case. Indeed, the only reference to the FMLA in the Complaint is as follows:

> I am off work because the depression and Panic attacks since September 2010 and FMLA November 2009 before that I have about 30+ times I have left work from timed to go to my doctor.

(Filing No. 1 at CM/ECF p. 4.) Aside from this reference, there is no other allegation relating to the FMLA, or any other federal statute.[2] Plaintiff's Complaint sets forth general allegations of "harassment," "discrimination," and other issues in the workplace. However, he has not set forth any specific allegation supporting a claim under the FMLA. As such, the court agrees with Defendants that the Complaint fails to state a claim upon which relief may be granted. However, on its own motion, the court will permit Plaintiff 30 days in which to file an amended complaint. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[2]The court notes that Plaintiff's related pending case alleges a claim for disability discrimination under the ADA. (*See* Case No. 8:11CV12, Filing No. 1 at CM/ECF p. 2.) However, there is no reference to discrimination on the basis of disability in Plaintiff's Complaint in this matter. To the extent Plaintiff wishes to abandon this matter, and proceed only with the ADA claims set forth in Case No. 8:11CV12, he may inform the court that he wishes to voluntarily dismiss this matter.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (Filing No. 10) is granted in part. Plaintiff shall have until **June 2, 2011**, to amend his Complaint and clearly state a claim upon which relief may be granted against Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **June 2, 2011**, and dismiss if none filed; and

4. Plaintiff's Motions to Continue (Filing Nos. 12 and 14) are denied.

DATED this 3rd day of May, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.